[No. E029949. Fourth Dist., Div. Two. Sept. 5, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
GUSTAVO ORLANDO ULLOA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 3 to 6.

## Counsel

Michael D. Abzug for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Carl H. Horst and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**HOLLENHORST, Acting P. J.**—Defendant Gustavo Orlando Ulloa was charged with two counts of sodomy of a person under age 18, in violation of

Penal Code section 286, subdivision (b)(1),[1] and five counts of oral copulation with a person under age 18, in violation of section 288a, subdivision (b)(1). A jury convicted him of one count of oral copulation with a person under age 18. Having been sentenced to state prison, he appeals.

Defendant's primary contention on appeal is that the trial court erred in admitting into evidence America Online (AOL) instant messages seized from his home computer. In the published portion of the opinion, we reject that contention. In the unpublished portion of the opinion, we consider various other contentions and find them to be meritless.

## 1. FACTS

The minor, then age 15, testified that he met defendant in mid-1999 by chatting with him through AOL instant messages.[2] Defendant lived in the same neighborhood, and the minor met him about two months later. According to the minor, they immediately began a sexual relationship.

Although the minor testified to various acts of oral copulation and anal sex, defendant was only convicted of one count of oral copulation during the period of January 1, 2000, through June 22, 2000. One episode was supported by the testimony of defendant's roommate. The roommate testified that he was in the bedroom using the computer when defendant and the minor came in and engaged in oral copulation on the bed.

Defendant testified and denied any sexual relationship with the minor. However, he does not argue that the evidence was insufficient to support his conviction.

## 2. THE ADMISSION OF THE AOL INSTANT MESSAGES INTO EVIDENCE

Defendant contends the trial court erred in admitting the AOL instant messages into evidence because the messages were taken from a computer seized from his home. He argues the evidence should have been suppressed because the search warrant was unconstitutionally broad and because the warrant was not supported by an affidavit which established the requisite probable cause.

Defendant's argument ignores the fact that his section 1538.5 motion to suppress the evidence was heard and denied by Judge Blackwell at the

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]Defendant, on the other hand, testified that he met minor in the neighborhood and introduced minor to his own sons. Defendant's daughter testified that she met minor in the neighborhood and introduced him to her family.

beginning of the preliminary hearing. At that time, defendant argued that the warrant was constitutionally overbroad, and that the affidavit failed to show sufficient probable cause. Judge Blackwell disagreed and denied the motion.

Before trial, defendant renewed his request in a motion to set aside the indictment or to suppress evidence. The motion was heard by Judge Elwell on April 27, 2001. After hearing argument, Judge Elwell denied the motion and upheld Judge Blackwell's prior ruling.

At trial, defense counsel's only objection to the admission of the transcripts of the AOL instant messages into evidence was that there was no foundation for the introduction of portions of the exhibits containing instant messages which had not been referred to in the minor's testimony. Defense counsel did not object to the specific portions which had been the subject of testimony.

Despite the lack of a specific objection to the introduction of the AOL instant messages at trial (Evid. Code, § 353), we will review the trial court's refusal to suppress the evidence (§ 1538.5, subd. (m)).

Defendant argues that the warrant was constitutionally overbroad. He specifically objects to portions of the warrant which authorized the seizure of "Photographs which depict actual or simulated sexual acts between human beings" (item 2), "Video Tapes and or [*sic*] movies which depict actual or simulated sexual acts between human beings" (item 3) and "computers [etc.] containing any of the items noted above" (item 11).

Defendant argues that the Fourth Amendment's particularity requirement was not met because these categories authorized a general search for incriminating materials rather than a specific limited search.[3] ██ "General warrants of course, are prohibited by the Fourth Amendment. '[T]he problem [posed by the general warrant] is not that of intrusion *per se*, but of a general, exploratory rummaging in a person's belongings. . . . [The Fourth Amendment addresses the problem] by requiring a "particular description" of the things to be seized.' [Citation.] This requirement ' "makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." ' [Citations.]" (*Andresen v. Maryland* (1976) 427 U.S. 463, 480 [96 S.Ct. 2737, 2748, 49 L.Ed.2d 627].)

---

[3] The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (See also Cal. Const., art. I, § 13.)

Defendant cites *In re Grand Jury Subpoenas Dated Dec. 10, 1987* (9th Cir. 1991) 926 F.2d 847: "Specificity has two aspects: particularity and breadth. [¶] Particularity is the requirement that the warrant must clearly state what is sought. [Citation.] Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based. [Citation.]" (*Id.* at pp. 856-857.)

After independent review (*People v. Kraft* (2000) 23 Cal.4th 978, 1036 [99 Cal.Rptr.2d 1, 5 P.3d 68]), we conclude that the particularity requirement was met, i.e., the warrant sufficiently describes the items to be seized. The descriptions in items 2 and 3, *ante*, are sufficiently detailed to instruct the officers what to search for, and what to seize, i.e., depiction of actual or simulated sexual acts between human beings. The return to the warrant states that miscellaneous photographs were seized but the record does not indicate whether they fell within the item 2 description or not.[4] No videotapes or movies are listed as seized on the return to the warrant.

A more serious issue is presented by the breadth requirement. As noted above, that requirement ties the probable cause stated in the affidavit to the items seized. Since the crimes under investigation were oral copulation and sodomy with a minor, defendant argues that the warrant sought evidence which had nothing to do with those crimes, and was therefore overbroad.

■ We first observe that there is no requirement that each item seized be supported by probable cause. Indeed, "searching officers may seize items not listed in the warrant, provided such items are in plain view while the officers are lawfully in the location where they are searching and the incriminating character of the items is immediately apparent. [Citation.]" (*People v. Kraft, supra*, 23 Cal.4th 978, 1049.) "Defendant seems to suggest that searching officers must have probable cause to connect each item seized with a particular murder victim, and that every such item be precisely described in the warrant, but he cites no authority for such an exacting interpretation of the Fourth Amendment. In sum, all the items of any significance that defendant enumerates as having been seized outside the scope of the warrant and used against him at trial are of a character that searching officers would immediately have recognized as incriminating." (*Id.* at p. 1050.)

*Kraft* points out another deficiency in defendant's argument: None of the photographs seized were introduced against him at trial. Thus, even if the

---

[4]The return to the warrant also states that bedding was seized. Since bedding was not listed in the warrant, and is not obviously incriminating, its seizure provides some support for defendant's contention that the officers used the warrant as their ticket to enter the house and then engaged in an improper general search for anything they thought might be incriminating. (*People v. Superior Court (Meyers)* (1979) 25 Cal.3d 67, 82 [157 Cal.Rptr. 716, 598 P.2d 877].)

descriptions of items 2 and 3 were overbroad, the photographs seized pursuant to those descriptions were not used, and there was no resulting trial error. "Defendant has not identified any item seized under any of these other provisions that was admitted at trial. Accordingly, even if we assume some provision of the warrant was overbroad, defendant has not shown that any evidence should have been suppressed. [Citations.]" (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1043-1044 [90 Cal.Rptr.2d 607, 988 P.2d 531].)

■■■ The only records derived from the search that were admitted at trial were transcripts of the AOL instant messages taken from defendant's home computer. The affidavit for the search warrant states that the officers had been told that defendant had been communicating with the minor through AOL's instant messaging service. The officers and the trial court could reasonably conclude that examination of defendant's computer would either confirm or dispel the allegations of a relationship between defendant and the minor. The seizure of all computers at defendant's home was thus likely to produce relevant information. ■■■ "If the teachings of the [U.S. Supreme] Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." (*United States v. Ventresca* (1965) 380 U.S. 102, 108 [85 S.Ct. 741, 746, 13 L.Ed.2d 684].)

■■■ The warrant authorizes seizure of any computers, and subsequent search of those computers to discover "any of the items noted above." (Items 11 & 12.) The items noted above include "Correspondence which appears to relate to the exploitation of children." (Item 9.) Thus, the officers were specifically authorized to seize any computers found in the home, and to search the seized computers to obtain such evidence.[5] Since the AOL instant messages fall within the correspondence category, we find no merit to defendant's argument that the AOL instant messages should have been suppressed, and should not have been introduced into evidence.

We therefore conclude that the particularity and overbreadth objections were directed at categories of potential evidence which were not used at

---

[5]Defendant does not argue that a warrant for the seizure of the entire computer system is overbroad. Federal courts have rejected such an argument because the only physical way to search a computer system for evidence is to seize the whole system. (*U.S. v. Hay* (9th Cir. 2000) 231 F.3d 630, 637; see also *Guest v. Leis* (6th Cir. 2001) 255 F.3d 325, 337 ["[A] seizure of the whole computer system was not unreasonable, so long as there was probable cause to conclude that evidence of a crime would be found on the computer"]; *Mahlberg v. Mentzer* (8th Cir. 1992) 968 F.2d 772 [seizure of computer equipment, programs and disks not listed in warrant].)

trial. The only evidence used at trial was the AOL instant messages, and that evidence was properly authorized to be seized by the search warrant.

In a closely related argument, defendant contends that there is no information in the search warrant affidavit to support the conclusion that incriminating evidence would be found at defendant's home. He cites *People v. Hart* (1999) 74 Cal.App.4th 479 [86 Cal.Rptr.2d 762], a case involving a warrantless search of an automobile: " ' "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." [Citation.]' [Citation.]" (*Id.* at p. 491.) Specifically, the argument boils down to the contention that the officers did not actually know that defendant had a home computer containing incriminating evidence.

But home computers are now common, and the officers had specific information that defendant had been communicating with the minor by computer. It was reasonable to assume that the computer would contain relevant incriminating information, and that the computer would be located in defendant's home. If defendant did not have a computer, there would be nothing to seize. The situation is the same as the designation of a diary (item 7). The officers did not know if defendant had a diary or not, but they were authorized to seize a diary if one was found during the search. In other words, the statute does not differentiate between things to be searched and things to be searched for. Probable cause is required for both categories: "A search warrant is an order in writing, in the name of the people, signed by a magistrate, directed to a peace officer, commanding him or her to *search for* a person or persons, a thing or things, or personal property, and, in the case of a thing or things or personal property, bring the same before the magistrate." (§ 1523, italics added.)

As noted above, our Supreme Court has rejected the contention that there must be a precise correlation between the items in the warrant and the probable cause declarations in the affidavit. (*People v. Kraft, supra,* 23 Cal.4th 978, 1050.) Instead, it is well settled that "[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed. [Citation.]" (*Illinois v. Gates* (1983) 462 U.S. 213, 238-239 [103 S.Ct. 2317, 2332, 76 L.Ed.2d 527].) That test is

satisfied here because the officers were informed that defendant and the minor communicated by using AOL's instant messaging service. Accordingly, there was a fair probability that evidence of a crime would be found in defendant's computer. The evidence, which was found to be intensely personal communications with the minor on AOL's instant messaging service, tended to confirm the existence of a sexual relationship between defendant and the minor, thus directly casting doubt on defendant's assertion that no such relationship existed. We therefore conclude that the trial court correctly denied defendant's motion to suppress AOL instant messages seized from defendant's home computer. There is no merit in defendant's argument that the evidence should have been suppressed because the officers did not know if defendant actually had a home computer or not.

3.-6.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## 7.  DISPOSITION

The judgment is affirmed.

Ward, J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 13, 2002. Brown, J., did not participate therein.

---

*See footnote, *ante,* page 1000.